IN THE CIRCUIT COURT
FOR CHARLES COUNTY, MARYLAND

| | | |
|---|---|---|
| **TERRI L. WILLETT**<br>8305 Crabapple Drive<br>White Plains, MD 20695 | : | |
| **LORIN MARIE WILLETT**<br>137 Grove Avenue<br>Albany, NY 12208 | : | |
| **SARA TATE WILLETT**<br>725 Grundy Street<br>Baltimore, MD 21224 | : | Case No.   C-08-CV-20-000550 |
| **DARBY ELIZABETH WILLETT**<br>8305 Crabapple Drive<br>White Plains, MD 20695 | : | |
| **Z.W., a minor, by and through her parent and guardian, Terri Willett**<br>8305 Crabapple Drive<br>White Plains, MD 20695 | : | |
| *Plaintiffs* | : | |
| v. | | |
| **DAICEL CORPORATION**<br>Grand Front Osaka Tower-B<br>3-1 Ofuka-cho<br>Kita-ku, Osaka<br>530-0011 JAPAN | : | |
| **DAICEL SAFETY SYSTEMS, INC.**<br>Grand Front Osaka Tower-B<br>3-1 Ofuka-cho<br>Kita-ku, Osaka<br>530-0011 JAPAN | | |
| **DAICEL SAFETY SYSTEMS AMERICA, LLC**<br>720 Old Liberty Church Road<br>Beaver Dam, KY 42320 | | |

**DAICEL SAFETY SYSTEMS AMERICAS, INC**
   720 Old Liberty Church Road
   Beaver Dam, KY 42320

**SPECIAL DEVICES, INC.**
   3431 N. Reseda Circle
   Mesa, AZ 85215

**DAICEL SAFETY SYSTEMS AMERICA ARIZONA, INC.**
   4558 E. Virginia Street
   Mesa, AZ 85215

**TOYOTA MOTOR CORPORATION**
   1 Toyota-cha, Toyota City,
   Aichi Prefecture 471-8571, JAPAN

**TOYOTA MOTOR EAST JAPAN, INC.**
   1, Chuo-daira, Ohira-mura, Kurokawa-gun,
   Miyagi Prefecture, JAPAN

**TOYOTA MOTOR NORTH AMERICA, INC.**
   6565 Headquarters Drive APT W1-3C
   Plano, TX 75024-5965

**TOYOTA MOTOR SALES, USA, INC.**
   6565 Headquarters Drive APT W1-3C
   Plano, TX 75024-5965

   *Defendants.*

## COMPLAINT AND PRAYER FOR JURY TRIAL

Plaintiffs Terri L. Willett ("Mrs. Willett"), Lorin Marie Willett, Sara Tate Willett, Darby Elizabeth Willett, and Z.W., by and through the undersigned counsel, hereby bring this Complaint against Defendants Daicel Corporation, Daicel Safety Systems, Inc., Daicel Safety Systems America, LLC, Daicel Safety Systems Americas, Inc., Special Devices, Inc., and Daicel Safety Systems America Arizona, Inc. (hereinafter, the "Daicel Defendants"), and Defendants Toyota Motor Corporation, Toyota Motor East Japan, Inc., Toyota Motor North America, Inc., and Toyota

Motor Sales, USA, Inc. (hereinafter, the "Toyota Defendants"), alleging wrongful death arising out of defective airbag and other safety components of a 2009 Scion XB that caused fatal injury to the late Wayne Willett, Jr.. In support of their Complaint, Plaintiffs state as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Terri L. Willett is a citizen and resident of Charles County, Maryland and the surviving spouse of the late Wayne E. Willett, Jr. (the "Decedent").

2. Plaintiff Lorin Marie Willett is a citizen and resident of Charles County, Maryland and a surviving adult daughter of the Decedent.

3. Plaintiff Sara Tate Willett is a citizen and resident of Charles County, Maryland and a surviving adult daughter of the Decedent.

4. Plaintiff Darby Elizabeth Willett is a citizen and resident of Charles County, Maryland and a surviving daughter of the Decedent.

5. Plaintiff Z.W. is a minor child residing in Charles County, Maryland, and a surviving daughter of the Decedent. She brings this action by and through her mother, Plaintiff Terri Willett, as her parent and guardian.

6. Defendant Daicel Corporation is a foreign corporation formed and existing under the laws of Japan, with a principal place of business at Grand Front Osaka Tower-B, 3-1, Ofuka-cho, Kita-ku, Osaka, 530-0011 Japan. Defendant Daicel Corporation is a specialized supplier of automotive safety systems, that designs, manufactures, assembles, tests, markets, inspects, distributes, and sells vehicle safety systems to various Original Equipment Manufacturers ("OEM's") in the United States, including specifically the airbag incorporated and used by Toyota Scion in the subject vehicle.

7. Defendant Daicel Safety Systems, Inc. is a foreign corporation authorized and existing

under the laws of Japan, with its principal office located at 805 Umaba, Ibogawa-cho, Tatsuno-shi, Hyogo 671-1681, Japan. Defendant Daicel Safety Systems, Inc. is a specialized supplier of automotive safety systems in the business of designing, manufacturing, assembling, testing, promoting, advertising, distributing and selling vehicle restraint systems, including frontal airbag systems, to various OEM's, including Toyota.

8. Defendant Daicel Safety Systems America, LLC is a limited liability company authorized and existing under the laws of Kentucky, with its principal place of business located at 720 Old Liberty Church Road, Beaver Dam, KY 42320. Defendant Daicel Safety Systems America, LLC is a specialized supplier of automotive safety systems in the business of designing, manufacturing, assembling, testing, promoting, advertising, distributing and selling vehicle restraint systems, including frontal airbag systems, to Toyota.

9. Defendant Daicel Safety Systems Americas, Inc. is a Kentucky corporation and wholly-owned subsidiary of Defendant Daicel Corporation with a principal place of business in California. Defendant Daicel Safety Systems Americas, Inc. is a specialized supplier of automotive safety systems in the business of designing, manufacturing, assembling, testing, promoting, advertising, distributing and selling vehicle restraint systems, including frontal airbag systems, to Toyota.

10. Defendant Special Devices, Inc. is a Delaware corporation and wholly-owned subsidiary of Defendant Daicel Corporation with a principal place of business in Arizona. Defendant Special Devices, Inc. is a specialized supplier of automotive safety systems in the business of designing, manufacturing, assembling, testing, promoting, advertising, distributing and selling vehicle restraint systems, including frontal airbag systems, to Toyota.

11. Defendant Daicel Safety Systems America Arizona, Inc. is a Delaware corporation and wholly-owned subsidiary of Defendant Daicel Corporation, with a principal place of business

located in Arizona. Defendant Daicel Safety Systems America Arizona, Inc. is a specialized supplier of automotive safety systems in the business of designing, manufacturing, assembling, testing, promoting, advertising, distributing, and selling vehicle restraint systems, including frontal airbag systems, to Toyota.

12. On information and belief, the Daicel Defendants, by and through their agents, representatives and employees, designed, manufactured assembled, inspected, tested, advertised, distributed, marketed, and/or sold the frontal airbag system in the 2009 Toyota Scion SB, which is the subject of this lawsuit.

13. At all relevant times, the Daicel Defendants did business in Maryland on a regular and routine basis and availed itself of the laws of the State of Maryland by designing, manufacturing, and selling airbags and airbag components to be used or consumed within Maryland and deriving substantial revenue from such business activity.

14. Defendant Toyota Motor Corporation is a foreign corporation authorized and existing under the laws of Japan, that is in the business of selling and distributing vehicles in the State of Maryland.

15. Defendant Toyota Motor East Japan, Inc. is a foreign corporation authorized and existing under the laws of Japan, and a wholly-owned subsidiary of Toyota Motor Corporation, that on information and belief assembled the subject vehicle for sale in the United States.

16. Defendant Toyota Motor North America, Inc. is a corporation organized and existing under the laws of the State of California with its headquarters located in Plano, Texas. It is a wholly-owned subsidiary of Toyota Motor Corporation and is the holding company for all of its parent's North American operations, including sales, engineering, and manufacturing subsidiaries.

17. Defendant Toyota Motor Sales, USA, Inc. is a corporation organized and existing under the laws of the State of California with its headquarters located in Plano, Texas. It is the sales, distribution, and marketing unit for Toyota Motor Corporation's Toyota, Lexus, and Scion brands in the United States.

18. On information and belief, the Toyota Defendants, by and through their agents, representatives and employees, designed, manufactured assembled, inspected, tested, advertised, distributed, marketed, and/or sold the frontal airbag system in the 2009 Toyota Scion SB, which is the subject of this lawsuit.

19. At all relevant times, the Toyota Defendants did business in Maryland on a regular and routine basis and availed itself of the laws of the State of Maryland by designing, manufacturing, and selling Toyota-branded vehicles to be used or consumed within Maryland and deriving substantial revenue from such business activity.

20. This Court has subject matter jurisdiction over this action under MD CODE ANN., CTS & JUD. PROC. § 1-501.

21. Personal jurisdiction over the Defendants is pursuant to MD CODE ANN., CTS & JUD. PROC. § 6-103.

22. Venue is proper pursuant to MD CODE ANN., CTS & JUD. PROC. § 6-201 because each Defendant carries on regular business in Charles County, Maryland, and the alleged injury occurred in Charles County, Maryland.

23. This case is brought within the statute of limitations, which has been tolled pursuant to the Court's June 3, 2020 *Second Revised Administrative Order on the Emergency Tolling or Suspension of Statutes of Limitations and Statutory and Rules Deadlines Related to the Initiation of Matters and Certain Statutory and Rules Deadlines in Pending Matters.*

## STATEMENT OF FACTS

24. Plaintiffs restate and reallege the facts set forth in the preceding paragraphs as if fully set forth herein.

25. On April 23, 2017, Plaintiff Terri Willett was the owner of a 2009 Scion XB, VIN # JTKLE50E991095382 (hereinafter, the "Scion"), which she had purchased in a new condition from a local Toyota Scion dealership.

26. The Scion was manufactured, assembled, advertised, marketed, distributed and sold by the Toyota Defendants, using component parts manufactured and sold by the Daicel Defendants.

27. The Scion was sold to Plaintiff Terri Willett with a defective frontal airbag system, that caused an unreasonably dangerous condition to the vehicle's driver.

28. The driver's side frontal airbag of the Scion was designed, manufactured, assembled, tested, inspected, advertised, sold, and/or supplied by the Daicel Defendants.

29. On or about April 23, 2017, at approximately 2:06 a.m., the late Wayne Willett, Jr. was driving the Scion, traveling northbound on Turkey Hill Road when he was involved in a collision with a tree.

30. The driver's frontal airbag of the Scion deployed after being commanded to fire in the collision.

31. The airbag deployed late, causing the Decedent to suffer multiple rib fractures and a transected thoracic aorta, and with such explosive pressure that it severed the Decedent's skull from his spine, killing him.

32. The airbag's late and excessively forcible deployment was caused by the defective condition of the driver's side frontal airbag inflator mechanism and other component parts of the vehicle manufactured and sold by the Defendants.

33. As a direct and proximate result of the defective airbag system, the Decedent suffered fatal injuries.

34. The injuries complained of were not caused by the initial collision, but were solely the result of the defective condition of the driver's frontal airbag system.

35. But for the defective condition of the defective driver's airbag system, the Decedent would not have suffered fatal injuries in the collision.

36. As a direct and proximate result of Defendants' negligence in causing the death of Wayne Willett, Jr., the Plaintiffs, as his survivors, sustained pecuniary loss, mental anguish, emotional pain and suffering, and other damages.

37. At the time of his death, Wayne Willett, Jr. was married to and survived by Terri Willett, and was also survived by his adult children Lorin, Sara, and Darby, and his minor child, Z.W.

38. That at the time of his death Wayne Willet, Jr. was earning approximately $80,000.00 per year.

## COUNT I
## WRONGFUL DEATH

39. Plaintiffs reallege the preceding allegations as if fully set forth herein.

40. The Defendants, for a profit, designed, manufactured, assembled, equipped, inspected, tested, warranted, promoted, advertised, warned, distributed, sold, and supplied the components in the subject Scion, including but not limited to the driver's frontal airbag system and components and subcomponents thereof.

41. The Defendants owed a legal duty to adequately, safely, and reasonably design, manufacture, inspect, test, warn, distribute, supply, and/or sell the Scion, and the components with which the Scion was equipped.

42. The Defendants were negligent and wanton and otherwise breached their duty in that they,

by and through their agents, representatives, and employees:

    a. Negligently and wantonly designed, manufactured, produced, advertised, sold, and supplied the subject Scion, which contained a defective driver's frontal airbag system and the components thereof;

    b. Negligently and wantonly failed to warn and/or issue a recall of the defective airbag system, when it knew or should have known that the subject airbag system contained a manufacturing defect that could cause the airbag to explode late and/or with excessive force;

    c. Negligently and wantonly failed to properly inspect and/or test the airbag system, which it designed, manufactured, produced, advertised, warranted, sold, and supplied; and

    d. Was negligent and wanton in such other and further ways as will be determined through discovery and proven at trial.

43. As a result of the defective airbag system manufactured and sold by the Defendants, Wayne Willett, Jr.'s injuries were beyond what he would have incurred in the collision had the Defendants not been negligent and wanton as described above.

44. The unnecessary death of the late Wayne Willett, Jr. was directly and proximately caused by the negligent actions of Defendants and defective conditions of the driver's frontal airbag system.

45. Plaintiff Terri Willett, the surviving spouse of the late Wayne Willett, Jr., sustained pecuniary loss, mental anguish, emotional pain and suffering and other damages arising out of the death of Wayne Willett, Jr.

46. Plaintiffs Lorin, Sara, Darby, and Z.W., the surviving daughters of the late Wayne Willett,

Jr., sustained pecuniary loss, mental anguish, emotional pain and suffering and other damages arising out of the death of Wayne Willett, Jr.

47. Defendants are strictly liable to Plaintiffs for their damages.

48. Plaintiffs are entitled to recover from the Defendants, jointly and severally, an amount to be determined by the jury for compensatory damages including, but not limited to, mental anguish, emotional pain and suffering, loss of companionship and parental care, and pecuniary loss.

## JURY DEMAND

Plaintiffs demand a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in the amount of at least $1,000,000, in compensatory damages, plus interest and costs as this Court deems appropriate, attorneys' fees and costs, and such other legal and equitable relief as may be just and proper under the circumstances.

Date: September 11, 2020

Respectfully Submitted,

_____
Peter D. Antonoplos, Esq.
Antonoplos & Associates, Attorneys at Law
1725 DeSales Street, NW, Suite 600
Washington, DC 20036
Phone: (202) 803-5676 ext. 101
Fax: (202) 803-5677
Email: Peter@AntonLegal.com

## RULE 3-313 CERTIFICATION BY SIGNING ATTORNEYS

I, Peter D. Antonoplos, certify on this 11th day of September, 2020, as provided by Rule 1-313 of the Maryland Rules, that I have been admitted to practice law in the State of Maryland.

Respectfully submitted,

Peter D. Antonoplos
Antonoplos & Associates, Attorneys at Law
1725 DeSales Street, NW
Suite 600
Washington, DC 20036
Telephone: (202) 803-5676
Fax: (202) 803-5677